IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RON B. LANCASTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV654 |
| | ) | |
| ALAMANCE COUNTY HONORABLE | ) | |
| JEFF HOLLAND, JOHN DOE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Ron B. Lancaster's application to proceed *in forma pauperis* ("IFP") and Complaint. (Docket Entries 1, 2.) Plaintiff has submitted his IFP application for the Court's review. (Docket Entry 1.) Plaintiff has also submitted an Amended Complaint ("Amended Complaint") (Docket Entry 3) and an additional Amended Complaint ("Second Amended Complaint") (Docket Entry 4). While all three complaints allege the same claims and facts, since complaints can be amended once as a matter of right, Plaintiff's Amended Complaint (Docket Entry 3) will serve as the operative Complaint. (*See generally* Docket Entries 2, 3, 4); *see Superior Performers, Inc. v. Phelps,* No. 1:15CV134, 2015 WL 13650060, at *1 (M.D.N.C. May 5, 2015) ("[T]he Court notes that Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of right within 21 days after service . . . ."). For the reasons that follow, the Court will grant Plaintiff IFP status for the sole purpose of entering this Order and recommend that his Amended Complaint

(Docket Entry 3) be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Plaintiff seeks IFP status, thus the Court will review the Amended Complaint to determine whether dismissal is appropriate because it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v.*

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).  In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief.  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).  *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).

In the instant Amended Complaint, Plaintiff brings suit against Alamance County Judge Jeff Holland and "John Doe Corporation," which he claims "is a fictitious name for the Surety on the official bond of defendant Hon. Judge Holland Magistrate for Alamance County . . . ."  (*See* Docket Entry 3 at 3-4.)[1]  As best the Court can determine, Judge Holland presided over Plaintiff's eviction.  (*See id.* at 3-4.)  Plaintiff has also filed suit against Alamance County Judge Kathryn Overby regarding a related matter.  (*See id* at 4.)  He asserts that, by filing his Amended Complaint, he intends "to show a PATTERN of these types of Constitutional Violations and unlawful acts by those who have sworn under penalties of perjury to uphold the laws of the land . . . ." (*Id.*)

Among other violations, he claims that Judge Holland's ruling violated his constitutional right to be heard, "Equal Protection," and his "right to enjoy and impartial forum."  (*Id.* at 5.)  He requests relief in the form of a "judgment in favor of plaintiff and against defendant for plaintiff's lost residence, defendant's abuse of power, emotional distress,

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

3

humiliation, loss of reputation, and other compensatory damages in an amount to be determined by this Court . . . ." (*Id.* at 7.)

A review of Plaintiff's Amended Complaint reveals that it should be dismissed for several reasons. First, general dissatisfaction with a judge's decision is not sufficient to sustain a claim without presenting a reasonable factual basis upon which to question a judge's impartiality or bias. *See Gould v. Bertie Cnty.,* No. 5:14-CT-3066-FL, 2015 WL 847396, at *2 (E.D.N.C. Feb. 26, 2015); *see also Wise v. Floyd,* No. C.A. 809-454-HMH-BHH, 2009 WL 803712, at *2 (D.S.C. Mar. 25, 2009), *aff'd,* 341 F. App'x 908 (4th Cir. 2009). Further, judges are "absolutely immune from suit." *See Andrews v. Thomas*, No. 1:19CV1173, 2020 WL 2322616, at *2 (M.D.N.C. May 11, 2020) ("Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims . . . ."). Additionally, Plaintiff does not assert sufficient facts to raise a plausible claim. Therefore, the action should be dismissed under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and fails to state a claim on which relief may be granted.

Accordingly, **IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order. **IT IS RECOMMENDED** that the Amended Complaint (Docket Entry 3) be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

/s/ Joe L. Webster
United States Magistrate Judge

February 27, 2024
Durham, North Carolina